13-3951-cv
Iowa Pub. Emps.' Ret. Sys. v. Deloitte & Touche LLP

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:  PIERRE N. LEVAL,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,
                    Plaintiff-Appellant,

          -v.-                                    13-3951-cv

DELOITTE & TOUCHE LLP,
                    Defendant-Appellee.[*]

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      THOMAS I. SHERIDAN, III, Hanly
                              Conroy Bierstein Sheridan Fisher &
                              Hayes LLP, New York, New York.

_____

[*]      The Clerk of the Court is directed to amend the official caption as noted above.

FOR DEFENDANT-APPELLEE:    FRANK B. VANKER (Kristen R. Seeger, on the brief), Sidley Austin LLP, Chicago, Illinois, and Kevin A. Burke, Sidley Austin LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Oetken, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment dismissing the complaint and its opinion and order denying reconsideration and leave to file an amended complaint are **AFFIRMED**.

Plaintiff-appellant Iowa Public Employees' Retirement System ("IPERS") appeals from the judgment of the district court entered on January 24, 2013, granting the motion of defendant Deloitte & Touche LLP ("D&T") to dismiss the complaint for failure to state a claim.  IPERS also appeals from the opinion and order entered on September 27, 2013, denying its motion for reconsideration pursuant to Rule 6.3 of the Local Rules for the Southern District ("Local Rule 6.3") and for leave to file an amended complaint.  The complaint alleged, among other things, that D&T, as outside auditor to WG Trading Company Limited Partnership ("WGTC"), a registered broker-dealer involved in a fraudulent investment scheme, violated § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5.[1]  We assume the

---

[1]    The complaint also alleges breach of fiduciary duty under a theory of aiding and abetting.  As IPERS does not address this claim, or the district court's dismissal of it, on appeal, we do not consider it.  See In re U.S. Wireless Data, Inc., 547 F.3d 484, 491-92 (2d Cir. 2008).

2

parties' familiarity with the facts, procedural history, and issues on appeal.

## 1.    **The Motion to Dismiss**

We review de novo a district court's dismissal for failure to state a claim, accepting all factual allegations as true.  See Slayton v. Am. Express Co., 604 F.3d 758, 766 (2d Cir. 2010).  "A complaint alleging securities fraud must satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act ("PSLRA")] and Federal Rule of Civil Procedure 9(b) by stating with particularity the circumstances constituting fraud."  Id.

"Under the PSLRA, the complaint must 'specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading,' and 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'"  ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009) (quoting 15 U.S.C. § 78u-4(b)(1)) (alteration in original).  The plaintiff may satisfy the latter requirement "by alleging facts (1) showing that the defendant[ ] had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007).

IPERS alleges that D&T's auditing practices with respect to WGTC "were so deficient that the audits amounted to no audit at all, or an egregious refusal to see the obvious, or

investigate the doubtful." Compl. at ¶ 49. IPERS argues that, given red flags, it was reckless for D&T to give WGTC a clean audit opinion without having also examined the books of WG Trading Investors, L.P. ("WGTI"), another entity involved in the fraudulent scheme. To support its claim, IPERS contends that D&T must have known, among other things, that (1) WGTC and WGTI shared the same management, (2) the entities received money from each other's investors, (3) WGTC made employee advances charged against WGTI's capital, and (4) WGTC allocated losses to WGTI, while allocating income to its other limited partners. In essence, IPERS claims that had D&T investigated these irregularities, it would have uncovered the fraud because "[t]he operations of WGTC and WGTI, when considered as a single entity, had the elements of a classic Ponzi scheme." Compl. at ¶ 50(g).

We agree that "IPERS' allegations of red flags, though perhaps sufficient to give rise to a negligence claim against D&T," do not support a claim of fraud for substantially the reasons stated by the district court. Iowa Pub. Empl.'s Ret. Sys. v. Deloitte & Touche LLP, 919 F. Supp. 2d 321, 336 (S.D.N.Y. 2013). The allegations that D&T failed to investigate WGTI do not meet the heightened pleading standard for scienter.

## 2. The Motion for Reconsideration and Leave to Amend

We review a denial of a motion for reconsideration for abuse of discretion. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (Rule 60(b) motion for reconsideration). We review the district court's denial of a motion for leave to amend on futility grounds de novo. See

4

Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011).

On appeal, IPERS does not explicitly argue that the district court abused its discretion in denying its motion for reconsideration.  We have nevertheless addressed this question, which is implicit in its appeal, and we find no abuse of discretion.  Further, after reviewing IPERS' proposed amended complaint, we agree with the district court that "[n]one of IPERS' proposed amendments to the [c]omplaint support[ed] a plausible inference that D&T ignored red flags of fraud."  Op. and Order, Sept. 27, 2013, at 11, Doc. No. 41.  Accordingly, leave to amend would have been futile.

We have considered IPERS' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5